

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN LUTHER JOHNSON and THEODORE JAVARRE DRUMMOND,<br><br>Defendants. | CR 17–07–M–DWM<br><br>ORDER |

The Government seeks to sever the trial of Defendants Martin Luther Johnson and Theodore Javarre Drummond, currently set for May 22, 2017. (Doc. 31.) The motion is unopposed.

Johnson and Drummond are charged in a three-count indictment with Conspiracy, Mail Fraud, and Aggravated Identity Theft. (Doc. 1.) The Government alleges Johnson and Drummond conspired to use Montana residents' identities to purchase smartphones on Verizon wireless accounts, and that, in April 2016, the two traveled from Florida to Montana to pose as the victims and pick up the smartphones. The Government states that if either Johnson or Drummond proceeds to trial, it will seek to admit statements both made to the FBI as

-1-

admissions of a party opponent under Fed. R. Evid. 801(d)(2). Summaries of the statements show Johnson and Drummond identify each other as one of the individuals with whom they traveled from Florida to Montana in April 2016. (Docs. 32-1, 32-2.)

Joint trial of multiple defendants may be severed if joinder "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Zafiro v. United States*, 506 U.S. 534, 541 (1993). Further, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Id.* at 537. "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.

Violation of a defendant's right under the Confrontation Clause can implicate both scenarios. "The Confrontation Clause gives the accused the right 'to be confronted with the witnesses against him.'" *United States v. Tuyet Thi-Bach Nguyen*, 565 F.3d 668, 674 (9th Cir. 2009) (quoting U.S. Const. amend. VI). Statements taken by law enforcement in the course of interrogations are testimonial and therefore barred by the Confrontation Clause unless the defendant is given the

opportunity to cross-examine. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Where a codefendant's statement identifying a defendant is admitted, a limiting instruction may not be an adequate substitute for the constitutional right of cross-examination. *Bruton v. United States*, 391 U.S. 123, 137 (1968). However, where a codefendant's confession is not "incriminating on its face," but "[becomes] so only when linked with evidence introduced later at trial," the statement does not necessarily require that trial be severed. *Richardson v. Marsh*, 481 U.S. 200, 208 (1987) (noting that by limiting its scope to "facially incriminating confessions, *Bruton* can be complied with by redaction"). But merely redacting the codefendant's confession "by substituting for the defendant's name in the confession a blank space or the word 'deleted'" is insufficient under *Bruton*, because the jury may easily infer the deletion refers to the codefendant. *Gray v. Maryland*, 523 U.S. 185, 188 (1998).

The operative question in evaluating whether trial should be severed because of the admission of a codefendant's confession thus hinges on whether the statement expressly identifies the defendant (presumably requiring severance) or, if it does not, how "powerfully incriminating" the statement is, *Bruton*, 391 U.S. at 135, and whether it implicates the defendant directly or merely inferentially, *Gray*, 523 U.S. at 195-96. Here, the Government has provided two FBI summaries of the

FBI interviews with Johnson and Drummond. (Docs. 32-1, 32-2). Those summaries are not verbatim accounts of the interviews, which were electronically recorded. (*Id.*) They indicate Johnson and Drummond would identify each other as having traveled from Florida to Montana in April, 2016, but provide little more for the fact-intensive inquiry mandated by the legal standard outlined above. The summaries do not show prejudice sufficient to outweigh the presumption in favor of joint trial under Rule 14. *See Zafiro*, 506 U.S. at 538-40. Having chosen to indict the defendants together, the Government has not met the demanding burden of showing prejudice sufficient to merit severance.

IT IS ORDERED that the motion, (Doc. 31), is DENIED.

DATED this 11 day of April, 2017.

Donald W. Molloy, District Judge
United States District Court